**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ASTHON SCOTT and AMANDA
SEALES, on behalf of themselves
and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                      CASE NO.:

HOOTERS III, INC.,

    Defendant.
_____/

**CLASS ACTION COMPLAINT**
**(JURY TRIAL DEMANDED)**

Plaintiffs, Ashton Scott and Amanda Seals, on behalf of themselves and on behalf of all others similarly situated, file this Class Action Complaint against Defendant, Hooters III, Inc. ("Defendant" or "Hooters").  In sum, Defendant violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") when it terminated Plaintiffs and the putative class members on March 25, 2020, without providing any advance written notice whatsoever. In further support thereof, Plaintiffs allege as follows:

**NATURE OF THE ACTION**

1. This is a class action for the recovery by the Plaintiffs, on their own behalf and on behalf of approximately 679 other similarly situated former employees (collectively the "Class", as defined below), of damages in the amount of 60 days' compensation and benefits for each of them by reason of the Defendant's violation of their rights under the

Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act").

2. The Plaintiffs and the other Class members were employees of Defendant who were terminated without cause on their part in or about March 25, 2020, as part of or as the reasonably expected consequence of a mass layoff or plant closing, which was effectuated by Defendant on or about that date.

3. Defendant failed to give the Plaintiffs and the other Class members at least 60 days' advance notice of their termination.

4. In fact, Defendant gave ***no*** advance written notice to Plaintiffs or the putative class members. Instead, the first written notice was given on March 25, 2020, the same day Defendant's written notice[1] claims it engaged in a mass layoff of Plaintiffs and the putative class members they seek to represent.

5. In violation of the WARN Act, Defendant failed to provide as much written notice as was practicable under the circumstance surrounding the COVID-19 pandemic, and also failed to provide a statement of the basis for reducing the notification period to ***zero*** days advance notice.

6. Defendant could have but failed to evaluate the impact of COVID-19 upon its 679 employees 60 days prior to the March 25, 2020 mass layoff, as evidenced by the fact that it gave no advance written notice whatsoever.

---

[1] In fact, Plaintiffs had actually lost their jobs on March 20, 2020, or five days earlier.

7. Defendant's failure to provide its employees with any advance written notice, much less 60 days written notice, had a devastating economic impact on Plaintiffs and the putative class members.

8. Moreover, the fact that Congress recently made available to Defendant and many other businesses nationwide millions of dollars in forgivable loans through the "Paycheck Protection Program," but Defendant still opted to instead engage in a mass layoff -- and do so without any advance written notice to its employees -- only further underscores the severity of the WARN Act violations committed by Hooters.

9. As a consequence, the Plaintiffs and the other Class members are entitled under the WARN Act to recover from the Defendant their respective compensation and benefits for 60 days, no part of which has been paid. Specifically, the class Plaintiffs seek to certify is defined as:

> **WARN Act Florida Class:**
> All Hooters employees throughout Florida who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about March 25, 2020, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

## JURISDICTION

10. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

11. The violation of the WARN Act alleged herein occurred in this District.

12. Venue in this Court is proper pursuant to 29 U.S.C. § 2104(a)(5).

## THE PARTIES AND SUPPORTING FACTS

13. At all relevant times, Defendant was a business authorized to conduct business in the State of Florida.

14. At all relevant times, Defendant maintained an office or facility in Tampa, Florida (the "Facility"), and multiple restaurants throughout the State of Florida.

15. On information and belief, in or about March 2020, Defendant employed approximately 679 people across Florida.

16. Prior to their respective terminations, both Plaintiffs were long-term employees of Defendant.

17. Specifically, Ms. Scott had worked for Defendant since 2012 and Ms. Seales since 2006.

18. On March 25, 2020, the Plaintiffs received written notice terminating their employment, without cause on their part, by the Defendant.

19. In or about March 25, 2020 the Plaintiffs, and approximately 679 other employees of the Defendant were terminated without cause on their part as part of or as the reasonably expected consequence of the terminations (collectively, the "Class").

20. The Plaintiffs bring this action on their own behalf and, pursuant to rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of themselves and the other members of the Class.

## THE CLAIM FOR RELIEF

21. At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, i.e., those employees who had worked fewer than 6 of

the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "Part-Time Employees"), or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

22. The terminations in or about March 25, 2020 of the employment of persons who worked at the various facilities for Defendant resulted in the loss of employment for at least 50 employees excluding Part-Time Employees.

23. The terminations in or about March 25, 2020 of the employment of persons who worked at the Facility or as the reasonably foreseeable consequence of those terminations resulted in the loss of employment for at least 33% of the Facility's employees excluding Part-Time Employees.

24. The Plaintiffs and the other Class members were discharged without cause on their part in or about March 25, 2020 or thereafter as the reasonably expected consequence of the terminations that occurred on or about March 25, 2020.

25. The Plaintiffs and each of the other Class members experienced an employment loss as part of or as the reasonably expected consequence of the mass layoff and/or plant closing that occurred in or about March 25, 2020.

26. Prior to the terminations, the Plaintiffs and the other Class members did not receive written notice at least 60 days in advance of the termination of their employment.

27. The Plaintiffs and the other Class members constitute a Class within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

28. Each of the other Class members is similarly situated to the Plaintiffs with respect to his or her rights under the WARN Act.

29. Common questions of law and fact are applicable to all members of the Class.

30. The common questions of law and fact arise from and concern the following facts, among others: that all Class members enjoyed the protection of the WARN Act; that all Class members were employees of the Defendant who worked at the Facility; that the Defendant terminated the employment of all the members of the Class without cause on their part; that the Defendant terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendant failed to pay the Class members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by an affirmative defenses that may be asserted by the Defendant.

31. The Plaintiffs' claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendant described above, the Plaintiffs and the other Class members is an injured party with respect to his/her rights under the WARN Act.

32. The Plaintiffs will fairly and adequately protect and represent the interests of the Class.

33. The Plaintiffs have the time and resources to prosecute this action.

6

34. The Plaintiffs have retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims and other claims in Federal court.

35. The Class is so numerous as to render joinder of all members impracticable in that there are approximately 679 members of the Class.

36. The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

39. No litigation concerning the WARN Act rights of any Class member has been commenced.

40. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

41. On information and belief, the names of all the Class members are contained in Defendant's books and records.

42. On information and belief, a recent residence address of each of the Class members is contained in Defendant's books and records.

43. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendant to each Class member at the time of his or her termination are contained in Defendant's books and records.

44. As a result of Defendant's violation of the WARN Act, each Class member is entitled to recover an amount equal to the sum of: (a) his/her respective wages, salaries, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) his/her medical expenses incurred during the 60-day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plan had that plan provided coverage for such period.

45. Defendant failed to pay the Plaintiffs and the other Class members for the Defendant's violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of his/her termination that would have been covered under the Defendant's benefit plans had those plans remained in effect.

46. Plaintiffs hereby demand a jury trial of all issues that may be so tried.

**WHEREFORE**, the Plaintiffs demand judgment as follows:

  A. In favor of the Plaintiffs and each other Class member against the Defendant equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendant's health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

  B. Appointment of the Plaintiffs as Class Representatives;

  C. Appointment of the undersigned as Class Counsel;

  D. In favor of the Plaintiffs for the reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

  E. Interest allowed by law;

  F. Such other and further relief as this Court deems just and proper.

Dated this 16th day of April, 2020.

                                        Respectfully submitted,

_(signature)_

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**BRANDON J. HILL**
Florida Bar Number: 0037061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, FL 33602
Main No.: 813-224-0431
Direct No.: 813-379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill @wfclaw.com
Email: gnichols@wfclaw.com

and


**CHAD A. JUSTICE**
Florida Bar Number: 121559
**Justice for Justice LLC**
1205 N Franklin St
Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: chad@getjusticeforjustice.com
**Attorneys for Plaintiff**

10